UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00613-FDW

| | | |
|---|---|---|
| ISHMAEL M. CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STAPLES HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon initial review of Plaintiff Ishmael M. Camacho's pro se civil Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Also before the Court is Plaintiff's Motion to Compel, titled "Plaintiff's First Request for Production of Documents." (Doc. No. 6.)

**I.     BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina. He filed this Complaint on October 10, 2017, naming Staples Hughes, identified as the former director of the North Carolina Appellate Defender's Office, Glen Gerding, identified as Director of the North Carolina Appellate Defender's Office, and W. David Lee, identified as the Senior Resident Superior Court Judge for the 20th Judicial District of North Carolina, as Defendants in this action. (Compl. 1-2, Doc. No. 1.)

According to the Complaint and exhibits attached thereto, Plaintiff pled guilty on November 18, 2013, in Union County Superior Court, to six counts of taking indecent liberties with a child. Defendant Lee was the presiding judge, and after entering judgment, he appointed the Office of the Appellate Defender of North Carolina to represent Plaintiff on direct appeal.

1

(Jan. 15, 2014 Let. to Def. Lee 15, Doc. No. 1.) Defendant Hughes, the Appellate Defender at that time, declined the appointment after determining that Plaintiff had no right to file a direct appeal, and, thus, no right to appointed appellate counsel. (Id.) The Court assumes that, thereafter, Defendant Lee did not appoint Plaintiff alternate appellate counsel.

On September 27, 2017, Plaintiff wrote Defendant Gerding, the Appellate Defender at the time, pointing out an error in the information Defendant Hughes provided both Defendant Lee and Plaintiff regarding the sentences Defendant Lee had imposed. (Oct. 2, 2017 Let. To Pl. 11, Doc. No. 1.) While acknowledging the error, Defendant Gerding reinforced Defendant Hughes' ultimate conclusion that Plaintiff did not have a right to a direct appeal. (Id.)

Plaintiff filed the instant § 1983 Complaint, claiming Defendants deprived him of the right to counsel on direct appeal. He contends he had the right to a direct appeal and attributes Defendants' refusal to appoint appellate counsel or accept appointment as appellate counsel to bias, although he alleges no facts to support his assertion of bias. Plaintiff seeks monetary damages and declaratory relief with respect to each Defendant. He also seeks injunctive relief in the form of an order requiring the current Appellate Defender, whomever that may be, to "appoint counsel to undue [sic] the infringement that [has] been done to Plaintiff." (Compl. 9.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis,[1] the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the

---

[1] On November 9, 2017, the Clerk of Court entered an Order waiving payment of an initial partial filing fee and directing the prison facility where Plaintiff is housed to transmit partial payments until the full filing fee is paid. (Doc. No. 5.)

Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint is subject to dismissal on several grounds. First, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A public defender does not act under color of state law, which is a jurisdictional requirement for any civil action brought under 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); Georgia v. McCollum, 505 U.S. 42, 53 n.9 (1992) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (per curiam) (private attorney). As appellate public

3

defenders, Defendants Hughes and Gerding, did not operate under the color of state law when they declined to appoint appellate counsel for Plaintiff. Therefore, they are not subject to suit under § 1983.

Even if Hughes and Gerding did operate under the color of state law, however, Plaintiff's claim for damages against them, and against Defendant Lee, must be dismissed under the Supreme Court's holding in Heck v. Humphry, 512 U.S. 477 (1994). In Heck, the Supreme Court held that,

> in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Id. at 486-7. For the reasons that shall be explained herein, judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's sentences.

Plaintiff claims Defendants violated his right to counsel on direct appeal. The United States Constitution does not require either the federal government or the states to provide a right to an appeal from criminal convictions. See Halbert v. Michigan, 545 U.S. 605, 610 (2005) (citations omitted). When a state does provide for a right to appeal a criminal conviction, it also must appoint counsel to represent indigent defendants in those appeals. See Douglas v. California, 372 U.S. 353, 357 (1963). For his Complaint to succeed, then, Plaintiff must be able

4

to demonstrate that he had the right to appeal his criminal judgements.[2]

A North Carolina criminal defendant's right to appeal a conviction is provided entirely by statute. See State v. Berryman, 624 S.E.2d 350, 354 (N.C. 2006) ("The North Carolina Constitution does not mandate that this state provide appellate review of criminal convictions.") (citations omitted). Under North Carolina law, when a defendant pleads guilty, his right to appeal is restricted to six circumstances. See State v. Miller, 777 S.E.2d 337, 340–41 (N.C. Ct. App. 2015). Among them is when the sentence imposed "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level[.]" See N.C. Gen. Stat. § 15A–1444(a2)(2). Plaintiff cites § 15A–1444(a2)(2) as the statutory basis for his right to appeal. (Compl. 7-9.)

North Carolina's structured sentencing scheme provides three sentencing ranges for certain classes of offenses – minimum, presumptive, and aggravated. N.C. Gen. Stat. § 15A-1340.17. Each range, in turn, provides for a minimum period of punishment (stated in months) depending upon the class of the offense and the defendant's prior record level. See id. The statute then assigns a maximum period of punishment that corresponds to the number of months the sentencing court has imposed as the minimum punishment. Plaintiff, according to the Complaint, was sentenced in the presumptive range to five consecutive terms of imprisonment, with each term lasting a minimum of 16 months and a maximum of either 20 or 29 months, depending upon when the offense was committed. (Compl. 8.)

Plaintiff contends, however, that the presumptive range for his class of offense and prior record level makes no provision for a 16-month minimum period of punishment but, instead,

---

[2] For the purpose of this initial review, Plaintiff's indigency will be presumed.

requires either a 14 or a 15-month minimum period of punishment.[3] (Compl. 8.) Consequently, Plaintiff reasons, the trial court imposed sentences not authorized by law, and he had the right to challenge those sentences on direct appeal pursuant to § 15A–1444(a2)(2).

Judgment for Plaintiff (i.e. that Defendants deprived him of his right to counsel on direct appeal) would require the Court to find that he had the right to a direct appeal. Because Plaintiff's right to appeal is limited to certain circumstances, including when the trial court has imposed a sentence not authorized by law, a finding by the Court that Plaintiff had a right to appeal would necessarily imply that the trial court imposed a sentence not authorized by law. Therefore, Plaintiff's claim for damages is barred under Heck, 512 U.S. at 486-7, unless he can show his criminal judgments have been terminated in his favor. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (interpreting Heck).

Plaintiff has not alleged that his judgments have been overturned or otherwise officially rendered invalid, and North Carolina Department of Public Safety records show Plaintiff is still incarcerated under his 2013 judgments.[4] Accordingly, his claim for damages must be dismissed for failure to state a claim upon which relief may be granted under § 1983. See Wilkinson, 544 U.S. at 81-82.

Plaintiff may not recover damages from Defendant Lee for the additional reason that the doctrine of judicial immunity shields him from suits for monetary damages in both his official and individual capacities. Mireles v. Waco, 502 U.S. 9, 9–10 (1991) (per curiam). Furthermore, Plaintiff lacks standing to proceed on his request for "[a] declaration that the acts and omissions

---

[3] As a matter of statutory interpretation, Plaintiff misses the mark entirely. According to the Complaint, when Plaintiff was sentenced, his prior record level was I (one), and the crime of indecent liberties with a child was a Class F felony. For a defendant with a Prior Record Level I convicted of a Class F felony, the minimum period of punishment for a presumptive range sentence was 13-16 months, meaning the minimum duration of punishment could be 13 months, 14 months, 15 months, or 16 months. N.C. Gen. Stat. § 15A-1340.17 (2013).
[4] See North Carolina Department of Public Safety Offender Public Information, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last viewed May 30, 2018).

[by Defendant Lee] described herein violated Plaintiff's rights under the United States Constitution." (Compl. 9.) To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102-03 (1983)). Here, Plaintiff does not allege any facts indicating a substantial likelihood Defendant Lee will refuse to appoint him appellate counsel in the future. Consequently, even if Lee violated Plaintiff's right to appellate counsel in the past, Plaintiff is not entitled to a declaration to that effect. See Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987) (directing district court to dismiss prisoner's § 1983 claim for declaratory relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").[5]

## IV. CONCLUSION

Plaintiff's claim for damages is barred by the holding in Heck. As appellate public defenders, Defendants Hughes and Gerding do not act under the color of state law and, therefore, are not subject to suit under § 1983. As to Defendant Lee, Plaintiff "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2), and lacks standing to obtain declaratory relief. Accordingly, Plaintiff's Complaint shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's 42 U.S.C. § 1982 Complaint (Doc. No. 1) is **DISMISSED** pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and 28 U.S.C. § 1915(e)(2); and

2. Plaintiff's Motion to Compel, titled "Plaintiff's First Request for Production of

---

[5] Arguably, Plaintiff's alleged injury is continuing as he is still in prison pursuant to the judgments entered by Defendant Lee. However, his continuing incarceration cannot serve as a basis for standing in an action brought under § 1983. See Brown, 819 F.2d at 400, n.5 (citing O'Shea v. Littleton, 414 U.S. 488, 496 (1974)).

Documents" (Doc. No. 6) is **DENIED**.

**SO ORDERED.**

Signed: May 30, 2018

Frank D. Whitney
Chief United States District Judge