UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00487-FDW

| | | |
|---|---|---|
| ISHMAEL M. CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STAPLES HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon pro se Plaintiff Ishmael M. Camacho's Motion for Preparation of Stenographic Transcript. (Doc. No. 13.)

Plaintiff is a prisoner of the State of North Carolina. On October 17, 2017, he filed a civil rights Complaint, 42 U.S.C. § 1983, claiming that Defendants Staples Hughes, identified as the former director of the North Carolina Appellate Defender's Office, Glen Gerding, identified as Director of the North Carolina Appellate Defender's Office, and W. David Lee, identified as the Senior Resident Superior Court Judge for the 20th Judicial District of North Carolina, deprived him of his right to counsel on direct appeal. The Court dismissed the Complaint on May 31, 2018, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and 28 U.S.C. § 1915(e)(2). (Doc. No. 7.) Plaintiff's direct appeal was dismissed for failure to prosecute. (4th Cir. Rule 45 Mandate, Doc. No. 12.)

Plaintiff has filed the instant Motion in this closed § 1983 action, seeking an order from the Court directing that a stenographic transcript of the April 30, 2013 plea agreement in his state criminal case be prepared at government expense. Plaintiff asserts that he is seeking this Court's review of the legality of his April 30, 2013 convictions. (Mot. 1, Doc. No. 13.)

1

Plaintiff may not challenge the legality of his state court convictions in a § 1983 action; instead, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) ("Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement." (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)). Accordingly, his Motion for Preparation of Stenographic Transcript is moot.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Preparation of Stenographic Transcript (Doc. No. 13) is **DENIED**.

Signed: September 12,

Frank D. Whitney
Chief United States District Judge